# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**TERRY R. LOVEJOY,**
**Claimant Below, Petitioner**

**FILED**

December 11, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-1034** (BOR Appeal No. 2054331)
(Claim No. 2018005712)

**T-SHIRT INTERNATIONAL, INC.**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Terry R. Lovejoy, by Counsel Edwin H. Pancake, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). T-Shirt International, Inc., by Counsel James W. Heslep, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on August 28, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 28, 2019, Order. The Order was affirmed by the Board of Review on October 18, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Lovejoy, a laborer, alleges that he was injured as a result of work-place exposure to chemicals on July 21, 2017. The Employees' and Physicians' Report of Injury indicates Mr. Lovejoy breathed in a solvent called Bio-6. He alleged that such exposure resulted in injury to his lungs. The physician's section was completed at Thomas Memorial Hospital an indicated a possible occupational injury in the form of pneumonitis and throat irritation.

July 21, 2017, treatment notes from Thomas Memorial Hospital indicate Mr. Lovejoy presented to the emergency room for throat irritation, fatigue, and difficulty breathing. He stated that he believed the symptoms were due to exposure to a new chemical at work called Bio-6.

1

Examination showed no skin or respiratory abnormalities. Chest x-rays and bloodwork were normal. Mr. Lovejoy was diagnosed with pneumonitis and throat irritation. The claims administrator rejected the claim on August 28, 2018.

Ted deGuzman, an industrial hygienist, evaluated Mr. Lovejoy's work site and provided a report on November 14, 2018. He stated that Mr. Lovejoy alleged that exposure to Bio-6 caused him to develop difficulty breathing and throat irritation. An employee who performed the same job as Mr. Lovejoy was asked to wear a personal sampling pump while performing job duties. The results showed mild exposure to the chemical. Mr. deGuzman noted that OSHA had not provided an acceptable exposure limit for Bio-6. However, he concluded that Mr. Lovejoy's work site was not likely to be associated with Mr. Lovejoy's illness. Mr. deGuzman noted that the concentration range of active chemicals in Bio-6 is no more than 40% and the chemical is diluted 50% with water. Further, Mr. Lovejoy's work environment has an effective ventilation system and the employees wear appropriate personal protective equipment.

On July 17, 2018, Christopher Martin, M.D., performed an independent medical evaluation in which he found that Mr. Lovejoy wore protective equipment while at work, including a dust mask, goggles, gloves, apron, and boots. Further, there was an exhaust fan in the room in which he worked. Mr. Lovejoy reported that on July 12, 2017, he began using a new chemical at work. The chemical ate through his gloves and mask and caused a large rash on his arm, face, ears, and neck. Mr. Lovejoy stated that the chemical caused him to feel nauseated. Mr. Lovejoy alleged that he lost consciousness for three or four minutes but did not seek medical treatment that day. Mr. Lovejoy stated that he returned to work a day and a half later and requested to be reassigned to a different job. It was at that time that he began using Bio-6 in the course of his employment and a week later, he sought medical treatment. Mr. Lovejoy stated that he had not returned to work but that his symptoms had worsened. After examination, Dr. Martin found no condition relating to the alleged work exposure. He noted that when Mr. Lovejoy was examined on July 21, 2017, all tests were normal. No rash was noted. Pulmonary function studies showed no abnormalities. Dr. Martin concluded that Mr. Lovejoy exhibited none of the clinical findings associated with chemical exposure. He stated that if Mr. Lovejoy truly suffered a workplace exposure, his symptoms should have improved after ceasing work.

Mr. Lovejoy testified in a deposition on December 20, 2018, that he started out using Bio-6 in the course of his work but then switched to an unlabeled, stronger chemical. The new chemical caused a rash and teeth pain. Mr. Lovejoy stated that he informed his supervisor of the symptoms. He asserted that on July 21, 2017, he became sick while working with the unnamed chemical, vomited, and lost consciousness. Mr. Lovejoy sought medical treatment that day. Mr. Lovejoy testified that he had no preexisting lung problems. He also testified that he had received no treatment for the alleged injury.

The Office of Judges affirmed the claims administrator's rejection of the claim on May 28, 2019. It found that though Mr. Lovejoy alleges numerous symptoms, all objective testing and physical examinations were normal. The Office of Judges determined that Thomas Memorial Hospital's diagnoses of pneumonitis and throat irritation were based solely on Mr. Lovejoy's subjective complaints, and the diagnoses were not specifically related to the alleged occupational

exposure. The Office of Judges found that Dr. Martin performed an independent medical evaluation in which he found that Mr. Lovejoy suffered no injury as a result of work-related chemical exposure. This was based on a review of the medical records and a physical examination. The Office of Judges concluded that Mr. Lovejoy failed to show by a preponderance of the evidence that he sustained a work-related injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 18, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. There is no objective evidence to support Mr. Lovejoy's subjective complaints. Further, there was no physician of record who attributed Mr. Lovejoy's alleged symptoms to a work-place chemical exposure. He failed to meet his burden of proof establishing that he sustained an injury in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison